09-3619-cv
Whitehead v. United Parcel Service

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of July, two thousand and ten.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                   *Circuit Judges*.

JAY WHITEHEAD,

    *Plaintiff-Appellant*,

    -v-                        (09-3619-cv)

UNITED PARCEL SERVICE, INC.,

    *Defendant-Appellee*.

Appearing for Appellant:     Katherine L. Butler, Butler & Harris, Houston, Texas.

Appearing for Appellee:      Wendy Johnson Lario, Day Pitney LLP, Morristown, N.J.

1

Appearing for *Amicus Curiae* Epilepsy Foundation: Herbert Eisenberg, Eisenberg & Schnell, LLP, New York, N.Y. (Alexandra K. Finucane and Patricia Cleary Dukes, Epilepsy Foundation, Landover, Md., *on the brief*).

Appeal from the United States District Court for the Northern District of New York (McAvoy, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jay Whitehead appeals from the August 19, 2009 decision and order of the United States District Court for the Northern District of New York (McAvoy, J.) granting summary judgment to defendant United Parcel Service, Inc. and dismissing his complaint alleging violations of the Americans with Disabilities Act ("ADA") and the New York Human Rights Law in its entirety.[1] The main issue on review is whether the district court erred in finding Whitehead not disabled within the meaning of the ADA. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

UPS hired Whitehead to work as a mechanic at its Oneonta, New York facility. UPS includes in its "essential job functions" for a UPS mechanic both the ability to meet federal Department of Transportation ("D.O.T.") requirements and possession of a commercial driver's license. Several days after Whitehead reported to work, UPS arranged for Whitehead to undergo a required physical examination, during which Whitehead truthfully answered a question asking whether he had epilepsy. Whitehead answered yes, and explained he took Dilantin to treat it. He has been seizure free for more than a decade. The doctor completed the physical and passed Whitehead, apparently on the presumption that no interstate driving was required.

Robin Fey, an occupational health manager at UPS, received Whitehead's physical report for review. Fey called the doctor's office, and said Whitehead should not have been cleared for work, because he would be driving vehicles across state lines and could not do so without a D.O.T. card. It is undisputed that Based on Fey's call, the doctor changed his report and disqualified Whitehead from duty. UPS fired Whitehead that same day. Whitehead alleges that he then asked to work as a package sorter for the company, a job that did not require a D.O.T. card. He alleges he raised the issue with multiple people at UPS, but nothing ever came of it.

To prevail on an ADA claim, a plaintiff must show (1) that defendant is covered by the ADA; (2) that plaintiff suffers from or is regarded as suffering from a disability within the

---

[1] Because Whitehead expressly argued that the ADA Amendments Act of 2008 does not apply to the issues in this appeal, we do not consider it.

meaning of the ADA; (3) that plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) that plaintiff suffered an adverse employment action because of his disability or perceived disability. *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005). There is no dispute among the parties that UPS is covered by the ADA. There is also no dispute between the parties that Whitehead does not claim to be actually disabled. Rather, he argues that UPS regarded him as having a disability that substantially limits him in the life activity of working.

The ADA defines disability to include "being regarded" as having "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102. Thus, a plaintiff "is regarded 'as disabled' within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities." *Murphy v. United Parcel Service, Inc.*, 527 U.S. 516, 521-22 (1999).

To fall within the "regarded as disabled" category, the covered entity needs to regard the plaintiff as unable to perform a class of jobs, not a single, specific job. 29 C.F.R. § 1630.2(j)(3)(i) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.); *Murphy*, 527 U.S. at 523 ("to be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job"). It is undisputed that people with epilepsy cannot receive a D.O.T. medical card. Whitehead himself testified that he is able to work as a mechanic in a job that does not require mechanics to possess a D.O.T. medical card. The issue of whether a D.O.T. medical card is essential to the job of a UPS mechanic is not relevant at this stage of the analysis.

This case is virtually indistinguishable from *Murphy*. The petitioner in *Murphy* was hired as a mechanic by UPS, just as Whitehead was. 527 U.S. at 519. Like Whitehead, Murphy was required to obtain a D.O.T. medical card. And like Whitehead, Murphy had a medical condition - high blood pressure, controlled by medication - which precluded him from qualifying for a D.O.T. medical card. *Id.* Murphy argued that evidence that he was "regarded as unable to obtain D.O.T. certification" was sufficient to create a genuine issue of fact "as to whether petitioner is regarded as substantially limited in one or more major life activities." *Id.* at 523. The Supreme Court rejected the argument, holding that "[a]t most, petitioner has shown that he is regarded as unable to perform the job of mechanic only when that job requires driving a commercial motor vehicle - a specific type of vehicle used on a highway in interstate commerce." *Id.* at 524. Here, as was the case in *Murphy*, it is undisputed that Whitehead is "generally employable as a mechanic." Hence, he was not regarded as having a disability within the meaning of the ADA.

Moreover, there is no record evidence that Whitehead actually applied for, and was rejected from, the package sorter job. The record evidence only indicates that his supervisor directed his inquiries up the management chain, and Whitehead did not pursue them.

Whitehead spends the bulk of his briefing trying to establish that the requirement that he possess a D.O.T. medical card is discriminatory because driving trucks in interstate commerce is

3

not an essential function of the job.  Regardless of the merits of his arguments, we do not reach the issue of what the essential functions of the job are absent a finding that Whitehead is disabled within the meaning of the ADA.  Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk